# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JACK EARL VANCE,**

      **Petitioner,**

v.                                **CIVIL ACTION NO. 2:13cv60**
                                           **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

## I. Introduction

On August 26, 2013, Jack Earl Vance [hereinafter referred to as "petitioner"], a state prisoner, filed a *pro se* petition under the provisions of 28 U.S.C. §2254 complaining of errors surrounding his conviction in August of 2007, in the Circuit Court of Pocahontas County, West Virginia. On August 27, 2013, the Clerk of Court sent the petitioner a Notice of Deficient Pleading. (Doc. 3). On October 31, 2013, the petitioner was granted an extension of time within which to comply with the Notice. (Doc. 11). On December 17, 2013, the petitioner filed his petition on the court-approved form. (Doc. 14). On January 31, 2014, the petitioner was directed to show cause why his petition should not be dismissed for failure to pay the $5.00 filing fee or, in the alternative, submit an application to proceed *in forma pauperis*. (Doc. 16). On February 21, 2014, the petitioner paid the $5.00 filing fee. (Doc. 22). This case is presently pending before the undersigned for initial review and report and recommendation pursuant to LR PL P 2.

## II. Factual Background

The petitioner pleaded guilty in the Circuit Court of Pocahontas County to five counts of Sexual Assault in the third degree. On August 24, 2007, the petitioner was sentenced to an indeterminate term of 1-5 years on each count to run consecutively to each other. The petitioner appealed his conviction to the West Virginia Supreme Court of Appeals, which refused the appeal on June 11, 2008.

### III. State Post-Conviction Proceedings

On February 8, 2012, the petitioner filed a *pro se* application for post-conviction habeas corpus relief in the Circuit Court of Pocahontas County. The petition was denied on March 1, 2012. The petitioner did not appeal this dismissal.

### IV. Petitioner's Federal Habeas Corpus Claims

In his petition for habeas corpus relief, the petitioner raises two grounds for relief. First, he alleges that his constitutional due process rights, equal protection rights and privacy rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments were violated. In support of this ground, the petitioner alleges that an intercepting devise was used to record a call made by him to the victim. The petitioner maintains that the devise was not registered with the Department of Public Safety as required by W.Va. Code § 61-1D-13. Second, the petitioner alleges that he was denied his due process right to effective assistance of counsel guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution and Article III, Section 14 of the West Virginia Constitution. In support of this ground, the petitioner alleges that his trial counsel never told him he could enter a different plea, covered up evidence that the victim was a liar, never questioned any of the witnesses, and left out evidence during a suppression hearing. The petitioner acknowledges that he has not exhausted either of these grounds.

In addition to acknowledging that he has not exhausted the claims raised in his federal habeas petition, the petitioner concedes that his federal habeas petition is time barred. However, the petitioner requests that this Court "hold his case in Stay & Abeyance; issue an Order 'reinstating' the 1 year time frame Statute...and remand the instant case back to the First State Court (trial court) with Order that effective assistance of counsel be appointed to assist petitioner in filing a State Habeas Corpus petition to exhaust the constitutional violation grounds claimed/raised herein this petition." (Doc. 14, p. 19). As grounds for this request, the petitioner alleges that on August 24, 2007, he left the state system and was sentenced in the federal system. The petitioner further alleges that he was in federal custody from August 2007 through August 2013, and had no access whatsoever to the West Virginia State Habeas process and had no access to West Virginia state law or state forms, and had no way of gaining knowledge of West Virginia post conviction habeas proceedings or appellate proceedings.

**V. Analysis**

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.),

cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[1] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given

---

[1] Picard v. Connor, 404 U.S. 270 (1971).

the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution

In this particular case, as previously noted, the petitioner acknowledges that he has not exhausted his state remedies. He requests a "stay and abeyance," to allow him to exhaust his state remedies and then return to federal court

In Rose v. Lundy, 455 U.S. (1982), the Court held that a federal district court may not adjudicate mixed petitions and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate the unexhausted claims. At the time the Court issued this decision, ADEPA[2] had not been enacted, and there was no statute of limitations on federal habeas corpus petitions. Therefore, dismissal without prejudice did not preclude petitioners from returning to federal court once their claims were exhausted in state court proceedings.

However, "[a]s the result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions, run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines v. Weber, ____ U.S. ____, 125 S.Ct. 1528, 1533 (2005). Accordingly, the Supreme Court has held that a federal district court may, under some circumstances stay, rather than dismiss without prejudice, a federal habeas petition containing both exhausted and unexhausted claims in order to allow the petitioner to present the unexhausted claims to the state court.

---

[2]In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.

However, the petitioner's pending §2254 petition is not a mixed petition containing both exhausted and unexhausted claims. All of the claims raised in his §2254 petition are unexhausted. Therefore, the Court has no authority to hold his petition in abeyance while he proceeds with state habeas corpus petition in an attempt to exhaust his state remedies. Instead, the petition should be dismissed without prejudice.[3]

**VII. Recommendation**

Based on the foregoing, it is recommended this matter be **DISMISSED WITHOUT PREJUDICE.** It is further recommended that the petitioner's pending Motions (Docs. 15, 23, and 24) be **DENIED AS MOOT.**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may filed with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

---

[3]Because the petitioner acknowledges that his claims are not exhausted, the undersigned has not undertaken an analysis of the timeliness of the petition, and in particular, has not considered whether the petitioner's incarceration in a BOP facility from September 6, 2007, to August 20, 2013, tolled ADEPA's limitation period.

The Clerk of the Court is directed to mail a copy of this Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record by electronic means.

Dated: March 27, 2014

s/ *John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**